UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

SHAWN CHRISTOPHER ABDOU,

                        Petitioner,                    Case No. 1:08-cv-327

v.                                        Honorable Paul L. Maloney

CAROL HOWES,

                        Respondent.

_____/

## OPINION

        This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254.  Petitioner filed his petition in the Eastern District but it was transferred because venue is proper in this Court.  Petitioner presently is incarcerated at the St. Clair County Jail.  (Apr. 2, 2008 Letter, docket #38.)  In 1999 and 2000, Petitioner pleaded guilty to several convictions in the Wayne and Oakland County Circuit Courts.  Petitioner is serving the following sentences:  1 1/2 to 14 years for uttering and publishing, MICH. COMP. LAWS § 750.249; 1 to 14 years for uttering and publishing, MICH. COMP. LAWS § 750.249; 1 to 14 years for forgery, MICH. COMP. LAWS § 750.248; 1 1/2 to 20 years for possession of less than 25 grams of a controlled substance, MICH. COMP. LAWS § 333.7403(2)(a)(v); and 1 1/2 to 20 years for delivery and manufacture of a controlled substance less than 50 grams, MICH. COMP. LAWS § 333.7401(2)(a)(iv).[1]  Petitioner, however, does not challenge his convictions or the imposition of his sentences in his application for habeas corpus relief.  Instead,

---

[1]Because Petitioner did not provide any information regarding his convictions or sentences in his application for habeas corpus relief, this Court obtained the requisite information from the MDOC Offender Tracking and Information System (OTIS), *see* http://www.state.mi.us/mdoc/asp/otis2profile.asp?mdocNumber=299631.

he challenges an "invalidly entered and unconstitutional parole extension, and subsequent invalid parole violation," which resulted in his 2006 parole revocation. (Pet. at 1, docket #1.)

## Factual Allegations

On April 7, 2003, the Michigan Department of Corrections (MDOC) released Petitioner from prison to a two-year term of parole that was scheduled to expire on April 7, 2005. (Apr. 7, 2003 MDOC Parole Bd. Order for Parole, docket #31.) In October 2003, the Michigan Parole Board learned that Petitioner was a suspect in a homicide investigation. On October 29, 2003, the parole board required Petitioner to participate in the MDOC Electronic Monitoring Program and prohibited Petitioner from contacting certain individuals involved in the homicide investigation. Besides a verbal warning in September 2004 for failing to notify a parole officer regarding a power failure at his home, Petitioner did not violate his parole during his initial two-year term of parole. (Sept. 3, 2004 MDOC Parole Violation Report, docket #31.) In March 2005, Petitioner's parole officer, however, requested an extension of Petitioner's parole for the following reasons:

> Parolee Shaun Abdou is the primary suspect in an open murder investigation[,] which occurred on March 20, 1993. The murder, which occurred in Farmington Hills, remains under investigation. When Parolee Abdou was named as a suspect, he was placed on the Department's Electronic Monitoring System. He has remained on tether since 12/01/03. He has been instructed on numerous occasions to contact the investigating officer of the Farmington Hills Police Department to provide information to clear his name. He has failed to do so. I am requesting an extension of parole for a period of one year or until the parolee is taken off the suspect list.

(Mar. 14, 2005 MDOC Case Report, docket #31.) On March 23, 2005, the Michigan Parole Board extended Petitioner's parole for twelve months, until April 7, 2006. (Mar. 23, 2005 MDOC Order for Parole Extension, docket #31.) While Petitioner received a copy of the March 23, 2005 Order

- 2 -

for Parole Extension, he did not know the reasons for the extension until August 24, 2006.  (Attach.

to Pet., Mem. of Law in Supp. of Pet. at 2-3, docket #1.)

On February 8, 2006, Petitioner was arrested on identity theft charges.  (Attach. to

Pet., Mem. of Law in Supp. of Pet. at 3, docket #1.)  Petitioner subsequently pled *nolo contendere*

to attempted accessory after the fact in the Wayne County Circuit Court on July 24, 2006.[2]  Because

of his conviction, the Michigan Parole Board began proceedings to revoke Petitioner's parole.  At

his parole revocation hearing on November 8, 2006, Petitioner's attorney argued that his parole was

unlawfully extended, and, thus, moved to dismiss the parole violation charge related to Petitioner's

2006 conviction.  The Michigan Parole Board summarized the hearing as follows:

> Attorney Redmond testified that her client's parole was improperly extended.  He
> had met all terms of his parole.  In 03/05 his term was extended based upon
> information from a 1995 investigation.  That incident did not arise during the term
> of his parole.  Further, parolee never received written notice of his extension.  She
> moved to dismiss count #1.  Motion Denied.  The Parole Board speaks through its
> written orders.  An Order for Parole Extension is contained in parolee's file.

(Nov. 8, 2006 MDOC Parole Violation Formal Hr'g Summ. & Recommendation Report, docket

#31.)  On November 30, 2006, the Michigan Parole Board revoked Petitioner's parole as a result of

his 2006 conviction.  (Nov. 30, 2006 MDOC Parole Bd. Notice of Action, docket #31.)  The parole

board mailed the MDOC Parole Board Notice of Action on December 4, 2006.  (*Id.*)  Petitioner

remains incarcerated after several parole denials.  (*See* Sept. 8, 2008 MDOC Parole Bd. Notice of

Decision, Feb. 22, 2008 MDOC Parole Bd. Notice of Decision, June 11, 2007 MDOC Parole Bd.

Notice of Decision, docket #31.)

---

[2]Information regarding Petitioner's 2006 conviction for attempted accessory after the fact was obtained from
OTIS at http://www.state.mi.us/mdoc/asp/otis2profile.asp?mdocNumber=299631.

In his *pro se* petition, Petitioner raises the following grounds for habeas corpus relief:

I.    THE MICHIGAN DEPARTMENT OF CORRECTIONS VIOLATED THE UNCONSTITUTIONAL CONDITIONS DOCTRINE BY COMPELLING PETITIONER WITH COERCIVE TACTICS TO FOREGO CONSTITUTIONALLY PROTECTED RIGHTS IN EXCHANGE FOR A STATE BENEFIT.

    A.    THE M.D.O.C. COMPELLED PETITIONER WITH COERCIVE TACTICS TO PROVIDE INFORMATION REGARDING A CRIMINAL CASE TO POLICE IN VIOLATION OF PETITIONER'S FIFTH AMENDMENT RIGHTS AGAINST SELF-INCRIMINATION IN ORDER TO BE DISCHARGED FROM PAROLE.

    B.    AS LONG AS THE PETITIONER INVOKED HIS SIXTH AMENDMENT RIGHT TO COUNSEL[,] THE M.D.O.C.[,] ACTING UNDER COLOR OF STATE LAW[,] REFUSED TO ALLOW THE PETITIONER TO PARTICIPATE IN AN INTERVIEW WITH POLICE THAT WOULD "CLEAR THE PETITIONER'S NAME" AND ALLOW HIM TO BE "TAKEN OFF THE SUSPECT LIST."

II.   THE MICHIGAN DEPARTMENT OF CORRECTIONS VIOLATED PETITIONER'S FOURTEENTH AMENDMENT RIGHTS BY NOT ADHERING TO PROCEDURAL SAFEGUARDS IN RELATION TO PETITIONER'S INVALIDLY ENTERED EXTENSION OF PAROLE.

(Attach. to Pet., Mem. of Law in Supp. of Pet. at i, docket #1.)  Respondent filed an answer to the petition (docket #24) stating that the grounds should be denied because they are noncognizable state law claims, procedurally defaulted, or have no merit.  Petitioner filed a reply (docket #28).  Upon review, I find that Petitioner has failed to exhaust his available state-court remedies as to all the claims raised in his petition.

## Procedural History

On August 21, 2007, Petitioner filed a complaint for writ of mandamus in the Ingham County Circuit Court.  (Ingham County Circuit Court Docket Sheet, docket #30.)  Defendants

- 4 -

subsequently filed a motion to dismiss Petitioner's complaint in the trial court. On January 22, 2008, the trial court granted Defendants' motion and dismissed Petitioner's writ of mandamus, as follows:

> [S]ince MCL 791.236(3) makes it abundantly clear that the decision to amend an order of parole is a discretionary matter vested in the parole board, and the case law clearly states that a writ of mandamus is only available where the act involved is ministerial, the decision to amend [Petitioner's] parole cannot form the basis for granting mandamus.

(Jan. 22, 2008 Ingham County Circuit Court Op., docket #33.) Petitioner attempted to appeal the trial court's decision to the Michigan Court of Appeals. On February 20, 2008, the Michigan Court of Appeals denied Petitioner's motion to waive his fees and ordered Petitioner to pay an initial partial filing fee. (Feb. 20, 2008 Mich. Ct. App. Order, docket #33.) The Michigan Court of Appeals also returned Petitioner's pleadings. (*Id.*) Because Petitioner did not pay the initial partial filing fee, the Michigan Court of Appeals did not accept Petitioner's appeal for filing. (Pet. at 3, docket #1; Feb. 20, 2008 Mich. Ct. App. Order, docket #33.) Petitioner filed the instant petition on or about March 17, 2008.[3]

## Discussion

### I.    Failure to exhaust available state-court remedies

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's

---

[3]Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002); *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). Petitioner dated his application on March 17, 2008, and it was received in the Eastern District of Michigan on March 31, 2008. Thus, it must have been handed to prison officials for mailing at some time between March 17 and 31. For purposes of this opinion, the Court has given Petitioner the benefit of the earliest possible filing date.

constitutional claim.  *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971), *cited in Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *Anderson v. Harless*, 459 U.S. 4, 6 (1982).  To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court.  *Duncan*, 513 U.S. at 365-66; *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990).  "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  *O'Sullivan*, 526 U.S. at 845.  The district court can and must raise the exhaustion issue *sua sponte*, when it clearly appears that habeas claims have not been presented to the state courts.  *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138-39.

Petitioner bears the burden of showing exhaustion.  *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).  According to his petition, Petitioner did not exhaust all of his available state-court remedies.  The Supreme Court has recognized a parolee's due process right to adequate procedures leading up to the revocation of parole.  *See Morrissey v. Brewer*, 408 U.S. 471, 489 (1972).  However, a petitioner must exhaust state-court remedies for these claims.  28 U.S.C. § 2254(b); *see Sneed v. Donahue*, 993 F.2d 1239, 1241 (6th Cir. 1993) (noting that petitioner had exhausted all state remedies before bringing habeas action); *Brewer v. Dahlberg*, 942 F.2d 328, 337 (6th Cir. 1991) (dismissing challenge to state parole revocation because state remedies were arguably available).  The federal habeas court will require exhaustion only if there is some "reasonable probability" that a state remedy is available.  *Witzke v. Withrow*, 702 F. Supp. 1338, 1349 (W.D. Mich. 1988) (citing *Powell v. Wyrick*, 657 F.2d 222, 224 (8th Cir. 1981)).  A Michigan

prisoner contesting his parole revocation may seek judicial review of his parole revocation under the Administrative Procedures Act or file a petition for state habeas corpus relief.[4]

Under the Michigan's Administrative Procedures Act, MICH. COMP. LAWS § 24.201 *et seq*, a prisoner may file a petition in circuit court to appeal a final decision of the parole board within sixty days after the date of mailing the notice of the agency's final decision. *See* MICH. COMP. LAWS § 24.304(1); *see also Penn v. Dep't of Corr.*, 298 N.W.2d 756, 757-58 (Mich. Ct. App. 1980) (noting that the MDOC is an agency for purposes of the Administrative Procedures Act and that a parole revocation proceeding is a contested case that triggers application of the Administrative Procedures Act); *Witzke*, 702 F. Supp. at 1348-349. It does not appear that Petitioner appealed his parole revocation within sixty days. Therefore, the Administrative Procedures Act is not presently available to Petitioner. Petitioner is not required to exhaust an unavailable remedy. *See Witzke*, 702 F. Supp. at 1349.

A prisoner may also attack the decision to revoke his parole by filing a state petition for habeas corpus relief. *See Morales v. Mich. Parole Bd.,* 676 N.W.2d 221, 230 (Mich. Ct. App. 2003); *Hinton v. Mich. Parole Bd.*, 383 N.W.2d 626, 629-30 (Mich. Ct. App. 1986); *Triplett v. Deputy Warden*, 371 N.W.2d 862, 865 (Mich. Ct. App. 1985); *see also Caley v. Hudson*, 759 F. Supp. 378, 381 (E.D. Mich. 1991) (dismissing federal habeas corpus petition by a state prisoner for lack of exhaustion of his available state habeas corpus remedy to challenge the revocation of his parole). A prisoner may, at any time, file a state writ of habeas corpus to challenge the revocation

---

[4]Michigan prisoners no longer have the ability to appeal a parole denial. *See* MICH. COMP. LAWS § 791.234(11) (as amended by 1999 Mich. Pub. Acts 191). However, the amendments to the statute did not eliminate a prisoner's right to appeal a decision regarding parole revocation.

- 7 -

of his parole as long as the prisoner will be in custody at the time the judgment becomes effective. *See Triplett*, 371 N.W.2d at 865.

An applicant for habeas corpus relief has not exhausted available state-court remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c).  Petitioner has at least one available procedure by which to raise the unexhausted issues he has presented in this application.  He may file a petition for state habeas corpus relief.  *See Triplett*, 371 N.W.2d at 865.  Therefore, the Court concludes that he has at least one available state-court remedy.  Because the statute of limitations expired while Petitioner's action was pending in this Court, the Court will grant a stay of the proceedings pending Petitioner's compliance with the terms of the stay set forth below.

If Petitioner wishes to pursue his unexhausted claims in the state courts, he must file a writ for a state petition for habeas corpus relief in the state court within thirty (30) days. Petitioner's action will be stayed until Petitioner files a motion to amend his petition to include any subsequently exhausted claims.  Such motion must be filed not later than thirty (30) days after a final decision by the Michigan Supreme Court on Petitioner's unexhausted claims and shall include a description of the newly exhausted claims and the dates and substance of decision at each step of state-court review.  If Petitioner fails to timely comply with those deadlines, the Court will dismiss his petition with prejudice because he currently has no exhausted claims.

An Order consistent with this Opinion will be entered.

Dated:     June 30, 2009                             /s/ Paul L. Maloney
                                                     Paul L. Maloney
                                                     Chief United States District Judge

- 8 -