UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

SHAWN CHRISTOPHER ABDOU,

     Petitioner,     Case No. 1:08-cv-327

v.              Honorable Paul L. Maloney

CAROL HOWES,

     Respondent.
_____/

## ORDER REGARDING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL AND DENYING CERTIFICATE OF APPEALABILITY

  This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254, challenging his 2006 parole revocation. On June 30, 2009, the Court entered an opinion (docket #40) and order (docket #41) staying Petitioner's habeas action while Petitioner presents his unexhausted grounds for habeas corpus relief in the state courts. Petitioner subsequently filed a motion for extension of time, a motion to appoint counsel and a motion to transfer his case. In an order dated January 25, 2010, the Court granted Petitioner's motion for extension of time, denied his motion to appoint counsel, and denied his motion to transfer his case (docket #48). Petitioner has now filed (1) a notice of appeal of the June 30, 2009 opinion and order staying his petition and the January 25, 2010 order, and (2) a motion for leave to proceed *in forma pauperis* on appeal (docket #54).

  Federal Rule of Appellate Procedure 3(e) provides that the appellant must pay all required fees at the time a notice of appeal is filed with the district court. Under Sixth Circuit Internal Operating Procedure 103(1), the docketing fee for a case on appeal is $450.00. In addition,

under 28 U.S.C. § 1917, a $5.00 filing fee must be paid to the district court. A prisoner who is unable to pay the required filing fees may seek leave to appeal in a § 2254 action pursuant to Rule 24(a) of the Federal Rules of Appellate Procedure. *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997). Petitioner has complied with Rule 24(a), which requires him to file a motion for leave to proceed *in forma pauperis* and an affidavit showing his inability to pay the required fees (as prescribed by Form 4 of the Appendix of Forms), his belief that he is entitled to redress, and a statement of the issue he intends to present on appeal. The documents show that Petitioner is unable to pay the filing and docket fees required for an appeal. In light of his indigence, Petitioner may proceed *in forma pauperis* on appeal without pre-paying or giving security for fees and costs. FED. R. APP. P. 24(a)(2). Therefore, Petitioner is not required to pay the $455.00 fee for filing an appeal. *See Kincade*, 117 F.3d at 951 (holding that 28 U.S.C. § 1915(b) provides that the fee provisions of the Prison Litigation Reform Act of 1995 do not apply to an appeal from a decision on an application for habeas relief.)[1]

The Court also must decide whether to grant Petitioner a certificate of appealability. Under the amended provisions of the Habeas Corpus Act, a petitioner may not appeal in a habeas case unless a circuit justice or judge issues a certificate of appealability.[2] 28 U.S.C. § 2253(c)(1). Amended Rule 22 of the Federal Rules of Appellate Procedure extends to district judges the authority to issue a certificate of appealability. FED. R. APP. P. 22(b). *See Lyons v. Ohio Adult*

---

[1] This court notes that pursuant to 28 U.S.C. § 2254 and Rule 24(a)(3) of the Federal Rules of Appellate Procedure, it is not required to address whether the instant appeal is taken in good faith because Petitioner did not proceed *in forma pauperis* in the district court. *See* 28 U.S.C. § 2254; FED. R. APP. P. 24(a)(3).

[2] "Although the statutory language provides that a certificate of appealability is required for an appeal from a final order, the requirement of a certificate of appealability may apply to interlocutory appeals." *Lordi v. Ishee,* 22 F. App'x 585, 585-86 (6th Cir. 2001). Because the Sixth Circuit has found that a certificate of appealability may apply to interlocutory appeals, this Court will consider whether to issue a certificate of appealability for the June 30, 2009 opinion and order dismissing his petition and the January 25, 2010 order.

*Parole Auth.*, 105 F.3d 1063, 1073 (6th Cir. 1997). The filing of a notice of appeal that does not specify the issues that petitioner seeks to have reviewed on appeal will be deemed a request for review of all issues. *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997) (Admin. Ord.). Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner filed a notice of appeal of the (1) June 30, 2009 opinion and order staying his petition, and the (2) January 25, 2010 order granting his motion for extension of time, denying his motion for appointment of counsel and denying his motion to transfer his case to the Eastern District of Michigan.

    1.    **June 30, 2009 Opinion and Order Staying Petitioner's Action**

In its June 30, 2009 opinion and order, the Court stayed Petitioner's action while he presents his unexhausted grounds for habeas corpus relief in the state courts. This Court concluded that Petitioner had failed to exhaust his available state-court remedies as to the claims raised in his petition. Because Petitioner's statute of limitations had expired, however, this Court granted Petitioner a stay in order to present his unexhausted claims in the state courts. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Both showings must be made to warrant the grant of a certificate. *Id.* Even though this Court has not yet ruled on Petitioner's habeas petition, the standard set forth in *Slack*, 529 U.S. at 484, is still

applicable to cases involving a stay of the petition. *See Minor v. Warden,* No. 1:08-cv-00583, 2009 WL 4828602, at *14 (S.D. Ohio Dec. 11, 2009) (standard set forth in *Slack*, 529 U.S. at 484-85, applies to cases involving a recommended stay of the petition) (citing *Carmichael v. White*, 163 F.3d 1044, 1045 (8th Cir. 1998) and *Christy v. Horn*, 115 F.3d 201, 203-06 (3rd Cir. 1997) (order staying habeas petition to allow exhaustion of state remedies is appealable collateral order)). The Court finds that reasonable jurists could not debate that this Court is correct in its procedural ruling that Petitioner failed to exhaust his state-court remedies and his case should be stayed. Therefore, the Court will deny Petitioner a certificate of appealability as to the June 30, 2009 opinion and order staying Petitioner's habeas action.

2. **January 25, 2010 Order**

Petitioner appeals the January 25, 2010 order of this Court, which denied Petitioner's motion for appointment of counsel and denied his motion to transfer venue.[3] To warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484. "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 326 (2003). In applying this standard, the court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of petitioner's claims. *Id.*

Applying this standard, this Court finds no basis for issuance of a certificate of appealability. The Court rejected Petitioner's motion for appointment of counsel because Petitioner failed to satisfy any of the factors warranting the appointment of counsel. The Court also rejected

---

[3]The January 25, 2010 order also granted Petitioner's motion for extension of time. Because Petitioner's motion was granted, the issue of the certificate of appealability for his motion for extension of time is moot.

Petitioner's motion to transfer venue because the Eastern District of Michigan properly transferred the matter to this Court. Petitioner has not pointed to any flaw in the Court's reasoning or any issue of fact or law overlooked in the adjudication of his motions. The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's motions were debatable or wrong, and therefore, the Court will deny Petitioner a certificate of appealability. Accordingly:

IT IS ORDERED that Petitioner's motion for leave to proceed *in forma pauperis* on appeal (docket #54) is GRANTED.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED as to Petitioner's appeal of the June 30, 2009 opinion and order (docket ##40, 41) and the January 25, 2010 order (docket #48) of this Court.


Dated: March 25, 2010 /s/ Paul L. Maloney
Paul L. Maloney
Chief United States District Judge